IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | Cv. No. 04-2541-Ml/An |
| | ◊ | Cr. No. 01-20105-Ml |
| JAMES WILLIAM AYERS, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |
| | ◊ | |
| | ◊ | |

---

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On July 15, 2004, defendant James William Ayers, Bureau of Prisons Registration number 11809-076, an inmate at the Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia, filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging his conviction for violating 21 U.S.C. § 841.

On April 23, 2001, a federal grand jury returned a one-count indictment against Ayers, charging him with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841.  On July 20, 2001, Ayers pled guilty as charged pursuant to a plea agreement. On October 5, 2001, United States District Judge Thomas Wiseman conducted a sentencing hearing and sentenced Ayers to one hundred eighty-eight (188) months imprisonment, along with a four year term of supervised release.  The minutes reflect that an appeal packet

was handed to defendant Ayers at the conclusion of sentencing.[1]
Judgment was entered on October 5, 2001. Ayers did not appeal his sentence.

Ayers has now filed this § 2255 motion contending that:

1. He received enhancements at sentencing that were not set forth in the indictment or proven to a jury beyond a reasonable doubt in violation of Blakely v. Washington, 542 U.S. 296 (2004); and

2. Trial counsel was ineffective because he failed to object to the facts contained in the presentence report which were used to enhance Ayers' sentence.

Ayers' presentation of these issues, as a whole, does not comply with Rule 2(b) of the Rules Governing § 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), which requires, inter alia, that the motion "shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, shall have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Although the Sixth Circuit has not had occasion to address the pleading standards applicable to § 2255 motions, the Second Circuit has stated as follows:

> To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. . . . Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice

---

[1] Ayers contends that his attorney "never mentioned the possibility of appealing." Ayers does not allege that he requested his attorney to appeal his sentence. He does not explain his own failure to appeal his sentence to the extent he was dissatisfied with counsel's advice. Furthermore, the failure to file a direct appeal has no bearing on Ayers' own failure to file a timely motion to vacate.

> because none of these would be admissible evidence at a hearing.

United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987) (citations omitted); accord Taylor v. United States, 287 F.3d 658, 661 (7th Cir. 2002)(noting that, while notice pleading is the standard in ordinary civil litigation, "Rule 2(b) departs from Rule 8 [of the Federal Rules of Civil Procedure] by requiring some fact pleading").

In this case, Ayers has failed to set forth any facts supporting these issues, specifically, the enhancements he challenges. Under these circumstances, the Court has no basis for concluding that Ayers is entitled to relief. Although Rule 2(d) of the Section 2255 Rules provides that an insufficient motion shall be returned to the defendant, that course would be inappropriate and futile in this case because Ayers' one-year statute of limitations expired before this motion was filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)("AEDPA"), created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001).  In this case, Ayers' conviction became final no later than October 15, 2001, the last day on which he could have filed a notice of appeal.  Accordingly, the limitations period expired on October 15, 2002, unless one of the conditions set forth above is applicable.  Ayers' motion was filed on July 15, 2004, and it would, therefore, appear to be untimely.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling.  Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008. This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001)(citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .  Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when pro se litigant missed filing deadline by one day).

The motion contains no argument that Ayers lacked notice of, or knowledge of, the filing requirement.  Equitable tolling is inappropriate in this case.  Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling.  Miller v. Cason, 49 Fed. Appx. 495,

5

497 (6th Cir. Sept. 27, 2002)("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001)("Ignorance of the limitations period does not toll the limitations period."). Accordingly, Ayers' motion is barred by the statute of limitations unless one of the conditions set forth above is applicable.

Ayers contends that Blakely v. Washington, 542 U.S. 296 (2004), is a "new rule of constitutional law" which was not available during his applicable AEDPA statutory window. However, Ayers cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court expressly stated that its holding in Blakely must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863 (noting that the

Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>).  Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings.  <u>Humphress</u>, 398 F.3d at 860.  Accordingly, these recent decisions also fail to provide Ayers with any basis for relief.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  <u>See also</u> Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.  Therefore, the court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing.  <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986).  Defendant's conviction and sentence are valid, and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability.  No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of

appealability under the AEDPA.  The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits.  He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted).  In this case, the defendant's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions.  Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases).  Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing

fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). Hereford, 117 F.3d at 952.  If the motion is denied, the prisoner may renew the motion in the appellate court.

>  Rule 24(a) states, in pertinent part that:
> 
>  A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.  For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

---

[2]  The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

>  Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

IT IS SO ORDERED this 13th day of June, 2006.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE